**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50300 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04623-AJB |
| v. | |
| IRENE AMEZQUITA-ESTRADA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Irene Amezquita-Estrada appeals from the district court's judgment and challenges the 12-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Amezquita-Estrada contends that the district court procedurally erred by imposing sentence based on the need to punish her new criminal conduct. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court was concerned primarily with Amezquita-Estrada's breach of trust and the need to deter, rather than with punishing Amezquita-Estrada for her new offense. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

Amezquita-Estrada also contends that the district court imposed a substantively unreasonable sentence in light of her mitigating factors and because the court failed to depart downward to acount for the time Amezquita-Estrada had served in pretrial detention. The district court did not abuse its discretion in imposing Amezquita-Estrada's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 12-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Moreover, the court was aware of the amount of time Amezquita-Estrada had served in pretrial detention and reasonably exercised its discretion to decline to depart downward on that basis in light of the circumstances of this case.

**AFFIRMED.**